ERIC J. HEIMANN
Acting United States Attorney
C. LEVI MARTIN (WY Bar #6-3781)
Assistant United States Attorney
P.O. Box 668
Cheyenne, Wyoming 82003
Telephone: (307) 772-2124
christopher.martin@usdoj.gov

JODANNA L. HASKINS
TERRY R. MILLER
United States Securities and Exchange Commission
1961 Stout Street, 17th Floor
Denver, Colorado 80294
Telephone: (303) 844-1000
haskinsjo@sec.gov
millerte@sec.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERISTAR, LLC,<br><br>        Defendant,<br><br>and<br><br>AMERISTAR MK Ltd. Liability Company,<br>FRED W. FREITAG IV, and<br>HIGHLINE GOLD INC. a/k/a HIGHLINE GOLD<br>LLC a/k/a HIGHLINE GOLD CORPORATION<br>LLC,<br><br>        Relief Defendants. | Civil No. 2:24-cv-00169-KHR |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
## FOR PRELIMINARY INJUNCTION

Pursuant to the Court's Order Granting Plaintiff's Emergency Motion for a Rule 65(b)(1) Temporary Restraining Order, Asset Freeze, and Other Emergency Relief [ECF No. 13 § X(D), "TRO"] Plaintiff United States Securities and Exchange Commission ("SEC") submits this reply in support of its motion for preliminary injunction.

## INTRODUCTION

The SEC submitted evidence of AmeriStar, LLC's fraud with its motion [ECF No. 5, "Motion"] and has already met the standard for a preliminary injunction in the TRO. This evidence includes statements that AmeriStar made to investors that it would use investor funds to make "courtesy deposits" in the form of FDIC-insured certificates of deposit ("CDs") to generate large profits, Motion at 4-5, 7-8, and evidence that these statements were false and misleading and that AmeriStar misused funds entrusted to it, *id.* at 8-11. The SEC also provided evidence that AmeriStar engaged in four different types of deceptive conduct. *Id.* at 11-15. AmeriStar carried out this fraud with a high degree of scienter and, as reflected in declarations from investors, caused devasting harm.

The SEC also submitted evidence that each of the Relief Defendants received investor funds, *id.* at 37, and the only evidence that one of them—Fred Freitag—provided goods or services for those funds is a retention agreement under which Freitag presumably earned $10,000. Declaration of Danielle Voorhees ¶ 57(b) [ECF No. 5-1, "Voorhees Dec."].

Neither AmeriStar nor Relief Defendants have appeared or filed a response to the Motion to dispute any of this evidence. Nor have they disputed the SEC's showing, or the Court's finding, that this evidence satisfies the SEC's burden for a preliminary injunction. Accordingly, the Court should grant the SEC's motion for preliminary injunction and continue the temporary

relief granted in the Order for the pendency of this action. This reply provides information and evidence obtained since the SEC filed the Motion that further supports this relief.

## SUPPLEMENTAL EVIDENCE

### A. Defendant AmeriStar

#### 1. Notice of the Motion and Order

The Court's Order imposed injunctive relief against AmeriStar and froze its assets up to $3,77,245.46. Order § V(A). AmeriStar's registered agent was personally served with a summons and copy of the Complaint and Motion on September 5, 2024. [ECF No. 10]. AmeriStar's registered agent was served with a copy of the Order, written discovery issued by the SEC to AmeriStar, and a notice of AmeriStar's deposition pursuant to Rule 30(b)(6) on September 10, 2024. **Exhibit 1** is proof of service of these documents.

#### 2. AmeriStar has not complied with the Order or disputed the Motion.

Among other things, the Order required AmeriStar to file and serve an accounting. Order § VI. AmeriStar failed to do so. The Order also required AmeriStar to respond to expedited discovery, Order § VII, but AmeriStar did not respond to interrogatories or requests for production, and failed to appear for its deposition on September 18, 2024. **Exhibit 2** is a copy of the deposition notice for AmeriStar (the SEC has requested certificates of nonappearance from the court reporter and can provide them to the Court if necessary). The Order permitted AmeriStar to respond to the SEC's Motion, but AmeriStar has not filed a response to dispute the SEC's Motion. The Order also required AmeriStar to take down its websites and social media accounts from the internet. Order § IV. As of September 19, 2024, its websites and Instagram account are not accessible but its Facebook account is still accessible to the public.

### 3.   Additional evidence of AmeriStar's fraud

The SEC obtained evidence that AmeriStar engaged another attorney in Pennsylvania to perform paymaster services, Steven Gratman. In expedited discovery, the SEC staff issued a subpoena for Mr. Gratman's bank records and provided him with notice and a copy of that subpoena. Upon receipt, Mr. Gratman contacted the SEC staff and voluntarily provided additional documents and information. Mr. Gratman has explained to the SEC staff that he responded to an add on Craigslist posted by AmeriStar that stated "We are a registered FINCEN Money Service Business that provides SEC Registered Regulation D Investment offerings to accredited investors. We are seeking to add an attorney or accountant that has professional experience in financial fields." **Exhibit 3.** As explained in the Motion, AmeriStar did not limit its offering to accredited investors, Motion at 18, 27-28, and AmeriStar's claims about SEC registration were deceptive because it made false statements in submissions to the SEC, *id.* at 15.

Mr. Gratman and AmeriStar later signed a Paymaster Agreement on December 18, 2023. **Exhibit 4.** This agreement was purportedly signed on behalf of AmeriStar by "Eddie Britton." *Id.* at 2. As explained in the Motion, AmeriStar misappropriated Mr. Britton's identity—he has never been associated with AmeriStar, Motion at 12, and never executed a document for AmeriStar, *id.* at 15 (citing Britton Dec. ¶ 7). Mr. Gratman ultimately deposited $250,000 of investor money into his law firm's IOLTA account. Those funds are still in that account. The SEC will file a motion to modify the asset freeze seeking to order the transfer of these funds to the Court's registry. This evidence that this investor money was not used to make a "courtesy deposit" or purchase a CD is additional evidence that AmeriStar's statements to investors were false and misleading.

The SEC also obtained evidence that AmeriStar used investor funds to help purchase a boat. On February 29, 2024, a company called Engine Carbon Clear Assets, LLC entered into a purchase agreement to buy a boat for $1,375,000 from a company called Skipper Buds. **Exhibit 5** at 1-2**.** A portion of the funds used to purchase the boat, $78,146.40, were remitted by Freitag and paid by a check from First National Bank on March 27, 2024. **Exhibit 5** at 3-4. The date, amount, and payee match the withdrawal listed in Exhibit 1 to the Voorhees Dec. at page 9, row 9. [ECF 5-2]. The source of funds in that account on March 27 was funds transferred from an AmeriStar MK account ending in 0731 on March 25, 2024, *id.* at row 6. The sources of the funds in the AmeriStar MK account were investors and potential investors. *Id.* at pages 5-6, *see also id.* at page 6 row 41. Accordingly, rather than make a "courtesy deposit" or buy a CD, AmeriStar directed Freitag to use investor money to help purchase a boat. This is additional evidence that AmeriStar misled investors and misused their money. The SEC has not yet located this boat.

### B. Relief Defendant AmeriStar MK

The Order froze the assets of Relief Defendant AmeriStar MK, up to $1,231,000.41. Order § V(A). Relief Defendant AmeriStar MK's registered agent was personally served with a summons and copies of the Complaint and Motion on September 5, 2024. [ECF No. 11]. On September 10, 2024, AmeriStar MK's registered agent was served with a copy of the Order and a copy of a notice of its deposition under Rule 30(b)(6). **Exhibit 6** is proof of service of these documents.

The Order also required AmeriStar MK to file and serve an accounting and respond to expedited discovery, but AmeriStar MK failed to file an accounting and failed to appear at its

deposition on September 18, 2024. AmeriStar MK has not filed a response or otherwise disputed the SEC's Motion.

### C.  Relief Defendant Fred Freitag

The Order froze the assets of Relief Defendant Freitag, up to $448,841.14. Order § V(A). Relief Defendant Freitag received a summons and copies of the Complaint and Motion by email on September 4 and by personal service on September 5, 2024. [ECF No. 12]. On September 9, Freitag received via email a copy of the Order and notices for his deposition and the Rule 30(b)(6) deposition of his company, AmeriStar MK. **Exhibit 7.**

Freitag acknowledged notice of the Motion and Order. In two emails dated September 5, Freitag stated that he intends "to defend based upon [sic] the money received was payment for legal services rendered." In another email dated September 5, Freitag stated that he is "aware that there is a potential motion to show cause at a preliminary injunction hearing" and that he can accept service on behalf of Ameristar MK. Freitag made similar statements during a phone call with SEC counsel on September 6. By email that day, he also stated that he would file a response to the SEC's motion on September 12. He did not do so.

On September 16, SEC counsel emailed invitations to Freitag and the parties to attend the depositions of AmeriStar, LLC, Freitag, and AmeriStar MK, all scheduled for September 18 by video. Shortly after, Mr. Freitag sent two emails to SEC counsel in which he stated that he was in a hospital for treatment of a brain tumor and that he would not be "attending deposition [sic] or most likely court hearing." The following day, September 17, Freitag called the SEC paralegal assigned to this case and stated that he is in the hospital awaiting the removal of a brain tumor and that he would not be appearing at the deposition on the following day. The SEC's paralegal stated that the SEC was not be cancelling the deposition and Freitag responded "well, good luck

with that …screw you and the SEC." Freitag has not provided corroboration of his statement that he is in the hospital to the SEC or the Court, nor has he asked the SEC or the Court for any other reasonable accommodation (which the SEC certainly would have considered) in light of any purported medical condition.

 With respect to his failure to appear at his deposition, Freitag did not obtain or attempt to obtain a protective order and did not ask for a new date for his deposition. The SEC does not currently seek a sanction for his failure to appear and, therefore, there is no need for the Court to determine whether the failure was justified under Fed. R. Civ. P. 37.

 As to the hearing, Freitag has not asked the Court for a continuance nor provided the SEC or the Court with any evidence to corroborate his claim that he is in the hospital. And regardless, it is not clear that a continuance for Freitag would be productive because Freitag has known about this case since the day it was filed, has not entered an appearance, and has not requested a new hearing date. Accordingly, the Court should proceed with the hearing. Should the Court wish to grant Freitag additional time to appear or submit evidence and argument, at a minimum, at the hearing the SEC will ask the Court to grant the SEC's motion as to the other parties.

 Finally, even were Freitag able to substantiate that he is unable to attend the hearing, the SEC notes that Freitag also failed to provide relevant evidence months ago when he was required to do so by subpoena. The only factual issue that has been raised by Freitag in correspondence with the SEC (not an appearance in this case) is whether he provided legal services for the investor funds he received in excess of the $10,000 retainer that the SEC has already credited. Voorhees Dec. ¶ 57(b). But Freitag has obstructed the SEC's access to evidence about these purported services since April 2024 when the SEC served a subpoena requesting all records about any purported services. During his investigative testimony over four months ago, Freitag

claimed to have copies of invoices that he sent to AmeriStar by email. [ECF No. 5-12, testimony at 39:12-40:21]. But he has never produced those records or produced a privilege log to identify them. And AmeriStar has never produced emails with invoices from Freitag. Instead, AmeriStar has ignored all of this and the Court's Orders to provide information. Thus, AmeriStar's and Freitag's failure to provide this evidence prior to Freitag's claimed unavailability the week of September 16 provides a basis to infer that such evidence does not exist, regardless of whether Freitag appears at the hearing.

### D. Relief Defendant HighLine Gold

The Order froze the assets of Relief Defendant HighLine Gold, up to $2,074,557.95. Order § V(A). Relief Defendant HighLine Gold was served with a summons and copies of the Complaint, Motion, and Order at least by September 11, 2024. [ECF No. 16 ¶¶ 7-9]. The Order also required HighLine Gold to file and serve an accounting, but HighLine Gold failed to do so. Nor has it filed a response to dispute the evidence presented in the Motion that received $2,074,557.95 of investor funds without providing goods or services for those funds.

In sum, for the reasons in the SEC's Motion and those above, the Court should grant the SEC's motion for preliminary injunction. Counsel for the SEC will attend the hearing on September 20 in person and be prepared to present evidence.

Respectfully submitted this 19th day of September, 2024.

By:   */s/ Terry R. Miller*
        JODANNA L. HASKINS
        TERRY R. MILLER
        United States Securities and Exchange Commission

        C. LEVI MARTIN
        Assistant United States Attorney

        *Attorneys for Plaintiff*